FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 19, 2022**

**Christopher M. Wolpert
Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZACHARY GEORGE CRISTER,

    Defendant - Appellant.

No. 21-6082
(D.C. No. 5:19-CR-00372-F-3)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Zachary George Crister's plea agreement pursuant to *United States*

*v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), and 10th Cir. R.

27.3(A)(1)(d).  Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion

and dismiss the appeal.

Mr. Crister pleaded guilty to distribution of 26 grams of actual

methamphetamine, use of a telephone in furtherance of a drug-trafficking crime, and

possession of 50 grams or more of a mixture or substance containing a detectable

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amount of methamphetamine with intent to distribute. As part of the plea agreement, Mr. Crister waived his right to appeal his conviction and sentence, provided the sentence was not above the advisory Guidelines range as determined by the district court. Both by signing the written plea agreement and in his responses to the court's questions at the change of plea hearing, Mr. Crister acknowledged that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and the appeal waiver. The court accepted the plea and sentenced Mr. Crister to 240 months' imprisonment. Despite receiving a sentence below the applicable Guidelines range, he filed a notice of appeal.

In response to the government's motion to enforce the appeal waiver, Mr. Crister's counsel cited *Anders v. California*, 386 U.S. 738, 744 (1967), and stated that Mr. Crister has no non-frivolous argument against enforcement of his appeal waiver. We gave Mr. Crister an opportunity to file a pro se response to the motion to enforce, but he has not done so.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcing it would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325.

Having reviewed the proceedings in accordance with our obligation under *Anders*, *see* 386 U.S. at 744, we conclude that the *Hahn* factors have been met and that there is no non-frivolous argument to make against enforcing the appeal waiver.[1]

---

[1] We note that Mr. Crister's docketing statement indicates that he intended to challenge his conviction based on alleged ineffective assistance of counsel. Such

2

Accordingly, we grant the government's motion to enforce Mr. Crister's

appeal waiver and dismiss this appeal.

                                   Entered for the Court
Per Curiam

---

claims generally should be raised in collateral proceedings under 28 U.S.C. § 2255, not on direct review. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We note that Mr. Crister's plea agreement bars him from collaterally challenging his conviction or sentence "except with respect to claims of ineffective assistance of counsel." Mot. to Enforce Attachs. at 9.